IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |  |
|---|---|---|
| MARK COLEMAN, | ) | |
|  | ) | |
| Plaintiff, | ) | Case No. 09 C 8008 |
| v. | ) | |
|  | ) | Judge Virginia M. Kendall |
| DONALD GAETZ, | ) | |
|  | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Petitioner Mark Coleman ("Coleman") proceeding *pro se*, filed this petition for writ of habeas corpus under 28 U.S.C. § 2244 challenging his 1998 conviction for two counts of first degree murder. Respondent Warden Donald Gaetz ("Gaetz") moves to dismiss the petition as time-barred pursuant to 28 U.S.C. § 2244(d)(1)(A). For the reasons set forth below, Gaetz's Motion to Dismiss is granted and Coleman's petition is dismissed with prejudice. Coleman's certificate of appealability is denied.

**PROCEDURAL BACKGROUND**

The Court adopts the underlying facts set forth by the Illinois Appellate Court in *People v. Coleman*, No. 1-06-3720 (Ill. App. Ct. July 18, 2008) (unpublished) because Coleman does not present clear and convincing evidence challenging those facts. *See* 28 U.S.C. § 2254(e)(1); *see also Virsnieks v. Smith*, 521 F.3d 707, 714 (7th Cir. 2008).

On February 27, 1998, a jury convicted Coleman of two counts of first degree murder in the

1

Circuit Court of Cook County and the Court sentenced him to a term of life in prison. *See* Resp't Ex. M; *Coleman*, No. 1-06-3720 at 1. On December 27, 1999, the Illinois Appellate Court affirmed the conviction. *See Coleman*, No. 1-06-3720 at 1. Coleman then filed a petition for leave to appeal ("PLA") with the Illinois Supreme Court, which was denied on April 5, 2000. *See id*. at 2. Coleman did not file a petition for writ of certiorari in the United States Supreme Court following denial of his PLA. Allowing him the ninety days within which he could have filed such a petition pursuant to 28 U.S.C. § 2244(d)(1)(A), Coleman's criminal judgment became final on July 5, 2000, the date on which his time for filing a petition for certiorari expired. *See Anderson v. Litscher*, 281 F.3d 672, 675 (7th Cir. 2002).

On September 15, 2000, seventy-one days after his conviction became final, Coleman filed a post-conviction petition pursuant to 725 ILCS 5/122-1 in the Circuit Court of Cook County. *See Coleman*, No. 1-06-3720 at 2. The Circuit Court dismissed the petition as frivolous and patently without merit on November 29, 2000. *See id*. The appellate court affirmed the dismissal on January 10, 2003. *See id*. Coleman then filed a *pro se* post-conviction PLA on February 11, 2003. *See id*. Coleman's counsel filed a PLA on Coleman's behalf seeking review of the same post-conviction appeal on March 6, 2003. *See id*. The *pro se* PLA was denied by the Illinois Supreme Court on April 2, 2003 and the attorney-filed PLA was denied by the Illinois Supreme Court on June 4, 2003. *See People v. Coleman*, 788 N.E.2d 730 (Ill. 2003); *People v. Coleman*, 792 N.E.2d 309 (Ill. 2003).

On February 14, 2001, while his first post-conviction appeal was pending, Coleman filed a second post-conviction petition in the Circuit Court of Cook County alleging that his sentence violated the United States Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466 (2000). *See Coleman*, No. 106-3720 at 2. The trial court denied the petition and Coleman appealed.

*See id*. On appeal, Coleman's appointed counsel moved to withdraw as appellate counsel. *See id*. The appellate court allowed the motion and affirmed the judgment of the circuit court on June 28, 2002. *See id*. Coleman did not file a PLA seeking Illinois Supreme Court review of this appeal.

Coleman filed a *pro se* petition for relief from judgment pursuant to 735 ILCS 5/2-1401 with the Circuit Court of Cook County on November 21, 2003, alleging his trial counsel was ineffective on the grounds that his counsel failed to subpoena two witnesses. *See id* at 2-3. The trial court dismissed the petition and the appellate court affirmed that judgment. *See id*. at 3. Coleman filed a PLA with the Illinois Supreme Court, which was denied on September 28, 2008. *People v. Coleman*, No. 101462 (Ill. Sept. 24, 2008).

On October 3, 2006, Coleman filed a fourth post-conviction petition which the trial court denied leave to file, assessing Coleman a fine for filing a frivolous pleading. *See Coleman* No. 1-06-3720 at 3. The Illinois Appellate Court affirmed the order in July 2008. *Id* at 8. Coleman filed a PLA with the Illinois Supreme Court which was denied on January 28, 2009. *People v. Coleman*, No. 106932 (Ill. Jan. 28, 2009).

Coleman placed his petition for writ of habeas corpus in the Menard Correctional Center mailbox on December 23, 2009, which is considered the date of filing under Rule 3(d) of the Rules Governing § 2254 Cases in the United States District Court. *See Jones v. Bertrand*, 171 F.3d 499, 502 (7th Cir. 1999).

## **DISCUSSION**

Gaetz moves to dismiss Coleman's writ as time-barred. Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), "a 1-year period of limitation shall apply to an application

for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward the one-year statute of limitations. *Id*. § 2244(d)(2).

**I. Section 2244(d)(1)**

The one-year period runs from the latest of one of four dates: (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which a state-created impediment to filing that was either unconstitutional or in violation of the laws of the United States was removed; (C) the date on which a new constitutional right was recognized by the Supreme Court, if that new right was made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. *Id*. § 2244(d)(1).

Coleman did not reply to Gaetz's Motion to Dismiss. In his petition, Coleman claims his constitutional rights were violated by ineffective assistance of counsel during his trial and on his direct appeal. However none of Coleman's fourteen claims offer a direct explanation as to why his petition is not time-barred.

A. Section 2244(d)(1)(A)

Coleman does not successfully argue that an unconstitutional state action impeded his filing, that his claims are based on a newly recognized constitutional right which is retroactively applicable on collateral review, or that the factual predicate of any of his claims could only have been

4

discovered through due diligence after his direct appeal.[1]

Because no other sections of 28 U.S.C. § 2244(d)(1) apply here, Coleman's one-year statute of limitations period must therefore be calculated based on 28 U.S.C. § 2244(d)(1)(A). Section 2244(d)(1)(A) sets the date for the beginning of the one-year period under AEDPA as "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id*. § 2244(d)(1)(A). That date is July 5, 2000, the date when Coleman's opportunity to petition for a writ of certiorari to the United States Supreme Court expired. *See Jones v. Hulick*, 449 F.3d 784, 787-88 (7th Cir. 2006) (decision does not become final until the time for petitioning for certiorari has passed). Under 28 U.S.C. § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under [§ 2244(d)(1)]." A petition remains pending, and the statute of limitations remains tolled, "until the application has achieved final resolution through the State's post-conviction procedures." *Carey v. Saffold*, 536 U.S. 214, 219-20 (2002).

Coleman filed his first post-conviction petition on September 15, 2000, seventy-one days after his conviction became final on July 5, 2000. The filing of this first post-conviction petition tolled the statute of limitations until the Illinois Supreme Court denied his counsel-filed PLA on June 4, 2003.

Coleman filed a petition for release from judgment pursuant to 735 ILCS 5/2-1401 on November 21, 2003, 169 days after the Illinois Supreme Court denied Coleman's counsel-filed PLA

---

[1] For example, Coleman's claim that his trial counsel should have included the affidavits of two witnesses to the murders does not apply here because this information was available and known to Coleman before his initial trial and was told to Coleman's counsel prior to his trial. *People v. Coleman*, No. 1-01-2603 at 3 (Ill. App. June 28, 2002).

5

on June 4, 2003. The limitations period remained tolled until the Illinois Supreme Court denied Coleman's PLA on September 24, 2008.

Coleman mailed the instant petition on December 23, 2009, 450 days after the Illinois Supreme Court denied Coleman's PLA on September 24, 2008. Therefore, Coleman's petition for a writ of habeas corpus was mailed a total of 690 un-tolled days after his conviction became final.[2] Six hundred and ninety days exceeds the one-year period set forth in § 2244(d)(1)(A) by 325 days and renders Coleman's writ of habeas corpus time-barred under AEDPA.

B. Coleman's Second and Fourth Post-Conviction Petitions Do Not Toll the Statute

Coleman's second and fourth post-conviction petitions do not toll the statute of limitations. Coleman's second post-conviction petition does not toll the statute of limitations period because it was both filed and dismissed during his first post-conviction petition. Coleman's first post-conviction petition was filed on September 15, 2000 and was denied by the Illinois Supreme Court on June 4, 2003. Meanwhile, Coleman filed his second post-conviction petition on February 14, 2001, which was dismissed by the trial court in May 2001. The trial court's dismissal of the second post-conviction filling was affirmed by the appellate court on June 28, 2002 and Coleman did not seek further review of this decision. The dates of Coleman's second post-conviction filing and dismissal—February 14, 2001 and June 28, 2002—fall within the filing and final dismissal of Coleman's first post-conviction petition, and therefore cannot toll the statute of limitations because that period was already tolled by the first post-conviction petition.

Coleman attempted to file his fourth post-conviction petition on October 3, 2006, while his petition for release from judgment was under consideration. The trial court denied him leave to file

---

[2] Seventy-one days plus 169 days plus 450 days.

this petition, a decision that was affirmed by the appellate court in July 2008. Coleman's PLA regarding this petition was denied by the Illinois Supreme Court on January 28, 2009. The dates of the fourth post-conviction petition however do not toll the statute of limitations because the trial court denied petitioner leave to file the petition. The statute of limitations is not tolled where petitioner must request permission from the court before filing, and that permission is denied. *See Martinez v. Jones*, 556 F.3d 637, 638-39 (7th Cir. 2009) (period during which successive petition is pending does not toll statute of limitations under § 2254 unless permission is granted).[3] Therefore, Coleman's fourth post-conviction petition filing on October 3, 2006 did not toll the statute of limitations, even though it was pending until January 18, 2009, the date Coleman's PLA was denied by the Illinois Supreme Court.

## II. Equitable Tolling

Notwithstanding Coleman's failure to timely file this petition pursuant to the requirements of § 2244(d)(1), the Court will consider whether the doctrine of equitable tolling might apply in this case. The limitations period may be tolled if the petitioner can establish that: (1) he has been pursuing his rights diligently; and (2) some extraordinary circumstance far beyond his control stood in the way of timely filing. *Pace v. DiGuglielmo*, 544 U.S. 408, 419 n. 8 (2005); *see Modrowski v. Mote*, 322 F.3d 965, 967 (7th Cir. 2007).

While Coleman appears to have "diligently" pursued his rights, as required by *Pace*, he fails to allege any "extraordinary circumstances" during his post-conviction filing period that would

---

[3] The Illinois legislature changed its laws on January 1, 2004, and now requires a petitioner to request permission from the court before filing a successive post-conviction petition. *See Martinez*, 556 F.3d at 639. Coleman filed his successive petition on October 3, 2006 and was therefore required to seek permission to file, which was denied.

warrant equitable tolling. *Holland v. Florida*, 130 S.Ct. 2549 (2010), holds that equitable tolling is only appropriate when an "extraordinary circumstance" stood in the way of a timely filing. 130 S.Ct. at 2553. *Holland* clarified that a lawyer's "egregious behavior" satisfies the standard, but "garden variety" claims of excusable neglect and miscalculations about the time available for filing do not. *Id*.; *see Griffith v. Rednour*, 2010 WL 2852631 (7th Cir. 2010) (misunderstanding how to determine when a state petition is "pending" for the purpose of § 2244(d)(2) is not extraordinary); *Johnson v. Chandler*, 224 Fed. App'x. 515, 519 (7th Cir. 2007) ("we have yet to identify a factual circumstance so extraordinary that it warrants equitable tolling").

Despite this recent ruling, Coleman is still not be entitled to equitable tolling as there is no indication of any type of ineffectiveness by petitioner's counsel in filing his post-conviction proceedings or his federal writ of habeas corpus. *See, e.g., Williams v. Gaetz*, 2010 WL 3075739 (2010) (Kendall, J.) (petitioner makes no allegations that rise to the level of 'extraordinary circumstances' and therefore does not warrant equitable tolling). Coleman's claims of ineffective assistance of counsel stem instead from the actions of his counsel at trial and in the direct appeal of his conviction. In addition, these alleged instances of ineffective assistance of counsel were presented and rejected by the Illinois state courts on each of Coleman's post-conviction petitions. There is also no indication or claim that Coleman had tried to file the instant petition on time but was unable to do so. *See Socha v. Pollard*, 2010 WL 3447732 (7th Cir. 2010) (petitioner informed court several times that he was trying to file on time but was hindered by the warden, the adverse party).

Because Coleman has failed to assert any facts to justify the doctrine of equitable tolling, it does not apply here. Gaetz's Motion to Dismiss Coleman's petition as time-barred is granted.

**III. Certificate of Appealability**

Under Rule 11 of the Rules Governing § 2244 Cases, a court is required to issue or deny a certificate of appealability ["COA"] when it enters a final order adverse to the applicant. *See, e.g.*, *Dixon v. Gaetz*, 2010 WL 3199692 (2010) (Bucklo, J.). The COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In *Slack v. McDaniel*, the United States Supreme Court held that "when the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id*.

Coleman's habeas petition was filed nearly eleven months after the expiration of the one-year statute of limitations period provided by 28 U.S.C. § 2244(d)(1). No reasonable jurist could conclude that the Court has erred in dismissing the petition as time-barred because it was filed 325 days late. Therefore, a certificate of appealability is denied.

## CONCLUSION AND ORDER

Gaetz's Motion to Dismiss Petitioner's Petition for a Writ of Habeas Corpus as Time-Barred pursuant to 28 U.S.C. § 2244(d) is granted. Coleman's petition is dismissed with prejudice and Coleman's certificate of appealability is denied.

So ordered.

_____
Virginia M. Kendall
United States District Court Judge
Northern District of Illinois

Date: September 27, 2010